**UNION VILLAGE DEVELOPMENT ASSOCIATES**

v.

**TOWN OF NORTH SMITHFIELD ZONING BOARD OF REVIEW.**

No. 97–506–Appeal.

Supreme Court of Rhode Island.

Oct. 27, 1999.

Richard F. Kirby, Providence, for Plaintiff.

Lauren E. Jones, Providence, Louis V. Jackvony, III, N. Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

BOURCIER, Justice.

In this appeal we review a decision by the State Housing Board of Appeal (SHAB or the state board) in favor of the plaintiff, Union Village Development Associates (Union Village), and against the defendant, the town of North Smithfield (the town)

and its Zoning Board of Review (the zoning board). The decision by SHAB returned and vacated the zoning board's denial of Union Village's application for a comprehensive permit under the Low and Moderate Income Housing Act, G.L.1956 chapter 53 of title 45, to build an eighty-unit apartment complex for the elderly and ordered the town officials to issue the permit. SHAB found that Union Village's proposed development was not inconsistent with local needs and that the town had acted unreasonably in denying the permit on safety grounds. This appeal followed, pursuant to § 45–53–5.

The town and the zoning board in their appeal have urged upon us multifold alleged errors on the part of the state board. Because we believe that our consideration of only one of the state board's alleged shortcomings is required for the disposition of this appeal, we proceed to that dispositive issue.

I

The Legal Sufficiency of the SHAB Vote

Chapter 53 of title 45, known as the Rhode Island Low and Moderate Income Housing Act (the act) provides for and establishes a nine-member appeals board to monitor and enforce municipal compliance with the act, § 45–53–7, as well as to hear and decide appeals taken from decisions made by any city or town council, board, commission, or officer, that are claimed to be in contravention of the housing mandates contained in the act. Sections 45–53–3(d) and 45–53–6.

 The act, specifically § 45–53–5, provides that the state board, in ruling upon and deciding appeals before it, must do so by "written decision and order, based upon a majority vote * * * ." The act also permits the state board to conduct all hearings "in accordance with the rules and regulations established by the chair." Section 45–53–7(b). The state board, acting pursuant to that authority, did enact procedural rules to assist in the filing of

appeals brought to the state board. One of those rules, Rule 9.04, purports to authorize the state board to decide appeals upon a vote by less than the required statutory majority of its nine-person membership. We conclude that Rule 9.04 is not authorized by the procedural rule-making authority given to the state board "chair" in § 45–53–7(b).

We take particular note of the statutory nature and composition or makeup of the state board.[1] It is readily apparent from that makeup that the General Assembly, in enacting the act, contemplated that because the state board would be invested with significant discretionary power to review low and moderate income housing decisions made by and affecting every city and town government in this state, such broad power should be exercised only by a majority vote of the entire nine-member state board.

"It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Providence & Worcester Railroad Co. v. Pine,* 729 A.2d 202, 208 (R.I.1999) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1226 (R.I. 1996)). The plain meaning of the language in § 45–53–5 requires that a majority vote of the nine-member state board would require at least five votes. Thus any vote lacking five board members' approval would be invalid as a matter of law.

In the absence of any contrary indication in the statute that is discernible from the statutory language in question, we refer to G.L.1956 § 43–3–5 regarding the construction of our statutory enactments and note that we are required to construe "[a]ll words purporting to give a joint authority to three (3) or more officers or persons * * * as to give the authority to a majority of them."

██ In the case proceeding before us that is the subject of this appeal, the state board's decision to vacate the zoning board's decision and to order the town officials to issue the building permit requested by Union Village was by a vote of only four board members and by a plurality of only three of those four members.[2] That vote, as it was taken by less than the required majority of the nine-member state board, was insufficient as a matter of law to permit it to vacate the decision in question and was insufficient to support its order to the town officials.

Therefore, for the reasons set forth above, we sustain the appeal, vacate the state board's decision, and remand the papers in this case to the state board for a new hearing on Union Village's appeal.

1. General Laws 1956 § 45–53–7(a) provides in part that there shall be within the state a housing appeals board consisting of nine members: one District Court judge (the chair), one local zoning-board member, one local planning-board member, two city and town council members (plus an alternate)—representing municipalities of various sizes, one affordable-housing developer, one affordable-housing advocate, one director of state-wide planning or designee, and one director of Rhode Island housing or designee.

2. The record before us discloses that in each of the two appeal hearings held in this case, there were five board members in attendance. At the conclusion of the hearing, one board member recused from voting. We have held that an abstention is not a vote. *Mageau v. Wedlock,* 505 A.2d 414, 417 (R.I.1986).